# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PATRICK JAMES WERNER,**
       Petitioner,

    v.                              Case No. 12-CV-01164

**GARY HAMBLIN,**
       Defendant.

## DECISION AND ORDER

On November 14, 2012, pro se petitioner Patrick Werner filed this petition pursuant to 28 U.S.C. § 2254 asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Brown County Circuit Court of second degree sexual assault of a child under Wis. Stat. § 948.02(2) and child enticement under Wis. Stat. § 948.07(1). He was sentenced to twenty years' initial confinement and ten years probation. At the time he filed his petition, he was incarcerated at Oshkosh Correctional Institution, but he has since been released and is now on probation.

Petitioner's motion for leave to proceed in forma pauperis is moot because he has already paid the filing fee in this action. Therefore, I will screen the petition as required by Rule 4 of the Rules Governing § 2254 Cases.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

One of petitioner's claims is that a change in state law that occurred after his conviction became final has unconstitutionally increased his sentence by requiring him to submit to global positioning system tracking ("GPS tracking") for as long as he lives in Wisconsin. *See* Wis. Stat. § 301.48 (requiring certain sex offenders to submit to lifetime GPS tracking in Wisconsin). This is a colorable constitutional claim. *See Johnson v. U.S.*, 529 U.S. 694, 699 (2000) (noting that the *Ex Post Facto* Clause of the Constitution is violated where a defendant can show that a law operates retroactively and "raises the penalty from whatever the law provided when he acted"). Thus, it does not plainly appear from the petition that petitioner is not entitled to habeas relief.

**THEREFORE, IT IS ORDERED** that petitioner's motion for leave to proceed in forma pauperis [DOCKET #2] is **DENIED AS MOOT**.

**FURTHER, IT IS ORDERED** that within 30 days of the date of this order respondent shall **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief

2

in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 2nd day of January 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge